Wilde J.
delivered the opinion of the Court. The plaintiff claims a right of way over the defendant’s land, either by operation of law, as a way of necessity, or by express reservation in the levy of Daniel and Charles Jackson’s execution from whom the defendant derives title.
*611 As to the way reserved, it is a ten feet way, through gates and bars, from the street to the judgment debtor’s land “ north adjoining.” These are the termini-, and the use is expressly limited to the going to and returning from the north adjoining land. As the plaintiff’s lot lies westerly from the defendant’s, it would seem to be excluded from the benefit of this reservation. But the plaintiff’s counsel contend that the words “ north adjoining” are not to receive a literal construction ; that the words north and northerly, when used as words of description, are frequently used indiscriminately ; and that it is impossible to imagine that the use of the way was intended to be limited to the land immediately adjoining thereto, and directly north therefrom. If so, then north must be read northerly, and' as the plaintiff’s lot (part of it at least) lies northerly, as well as westerly, from the defendant’s, it may be considered as entitled to the benefit of the reservation.
This construction might possibly be deemed a reasonable one, if the judgment debtor’s lands, after the levy of this execution, had remained contiguous, so as to have constituted one lot, the way reserved being equally necessary or convenient to the whole. But it appears that by the levy of this execution, and by a previous levy by one Samuel Robbins, the debtor’s land northerly of the defendant’s lot was ■ separated from his land to the westerly, and thus was formed into two distinct lots. From the northerly lot there was no access to the street except by the way reserved ; while the westerly lot extended down to the street; and to this lot the debtor had a convenient and unobstructed access without the aid of the way reserved. Considering these facts, we cannot misconstrue the terms of the reservation. It is impossible to understand them as referring to the westerly lot. From this lot the debtor had an outlet over his own land equally convenient with the way in question, so far as we know ; and probably more so ; because it appears that on this part of the lot, and not on the part taken by the Jacksons, was placed the gate way for carriages, used as an avenue to the barn and land m the rear. We consider therefore the right of way reserved o the debtor, as appurtenant to his northerly close ; and it is *612 very clear that he had no right to a tranverse way to his west erly close. Senhouse v. Christian, 1 T. R. 560. It is also equally clear, that neither the plaintiff, nor the judgment debt- or, is entitled to a way of necessity over any part of the tract taken on execution by Daniel and Charles Jackson. At the time when they extended their execution no necessity existed.* [1] If a necessity was afterwards created by another creditor, the burthen of the easement cannot be charged on their estate, It must fall on the estate of him who created the necessity. It passes as incident to the levy of his execution.
It follows, therefore, that if the plaintiff has a right of way over any part of the defendant’s land, it is over the slip of land by him purchased of Warren, the front part of which he purchased of Cooper. After the levy of the Jacksons’ execution, Mrs. Cooper extended her execution on the whole remaining front part of the debtor’s lot; and his access from the back land of his westerly close to the street was then cut off. A right of way, therefore, was derived to him by operation of law over the land taken by Mrs. Cooper. But the judgment debtor had no right to an arbitrary location of his right of way, without regarding the interest and convenience of the owner of the land. On the contrary, I am of opinion that the right of location was rather vested in Mrs. Cooper. For if one has a right of way over the land of another, which he claims by operation of law, he is bound to use it so as to occasion the least possible injury or inconvenience to the owner of the land. All that a person entitled to such an ease-: ment can reasonably claim, is a convenient way ; and if this is allowed by the owner of the land, he has no cause to complain.[1] To the person entitled to the easement it is immaterial where the way is located, so that he has a convenient way ; but to the owner of the land it may be exceedingly *613 important. But if the judgment debtor had in the first instance the right of locating his way, and he neglected to make his election, the right would then clearly devolve on the owner of the land. Otherwise he might be deprived of the use of his land. He could not erect buildings, or convey a part of it free from the easement without subjecting himself to possible damages ; which would be unreasonable. Mrs. Cooper then had an unquestionable' right to erect buildings, and to alienate the slip of land in question free from the incumbrance of the easement, as was done ; for it is not pretended that thereby the judgment debtor, or the plaintiff who claims under him, was necessarily deprived of the enjoyment of his way. Between the buildings on the Cooper lot and the slip in question there is ample space for a convenient way ; and here the plaintiff is bound to take it, if she is entitled to a way over any part of the Cooper lot; which is denied, and as to which we give no opinion. Against the defendant she has no title ; and according to the agreement of the parties she must become nonsuit.

 A right of way by necessity never can be claimed, where a man can get to his property through his own land, however inconvenient the way through his own land may be. M'Donald v. Lindall, 3 Rawle, 492 ; Holmes v. Goring, 2 Bingh. 76 ; S. C, 9 Moore, 166.

 See 2 Rollers Abr. 60, Z,pl. 17 ; Farnum v. Platt, 8 Pick. 342 ; Oldfield's case, Noy, 123 ; Horn v. Taylor, Noy, 128 ; Staple v. Heydon, 6 Mod. 3 ; Morris v. Edgington, 3 Taunt. 31.